IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALEXIS D. MORRIS                                                                                       PLAINTIFF

v.                                              CIVIL NO. 25-5147

FRANK BISIGNANO, Commissioner
Social Security Administration                                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Alexis D. Morris, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on July 7, 2022, alleging an inability to work since June 1, 2017,[1] due to fibromyalgia, knee problems, thyroid problems, hearing loss, migraines, obesity, scoliosis, arthritis, carpal tunnel syndrome, fainting spells, nasal problems, trichotillomania, bipolar disorder, depression post-traumatic stress disorder, social anxiety, obsessive compulsive disorder, panic attacks, and borderline personality disorder. (Tr. 102, 247, 254). For DIB purposes, Plaintiff maintained insured status through

---

[1] Plaintiff, through her counsel, amended her alleged onset date to June 1, 2022. (Tr. 25, 51, 295-296).

September 30, 2023. (Tr. 28, 260).  An administrative telephonic hearing was held on February 1, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 49-76)

By written decision dated May 31, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 28). Specifically, the ALJ found Plaintiff had the following severe impairments: hearing loss, osteoarthritic changes of the bilateral knees, idiopathic osteoarthritis, lumbar radiculopathy, fibromyalgia, obesity, mood disorder, anxiety disorder, post-traumatic stress disorder, and unspecified personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 28).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb ramps or stairs, but can never climb ladders, ropes or scaffolds. The claimant can also occasionally balance, stoop, kneel, crouch, and crawl. Additionally, she is limited to frequent hearing on the right. The claimant must also avoid even moderate exposure to hazards such as dangerous machinery and unprotected heights. Further, she can perform work where interpersonal contact is incidental to the work performed, e.g. assembly work, and where the complexity of tasks is learned and performed by rote with few variables, little judgment, and required supervision that is simple, direct, and concrete.

(Tr. 31-32). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an addresser, an eyeglass frame polisher and a document preparer. (Tr. 39).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on May 7, 2025. (Tr. 1-6).  Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 10).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issue on appeal: 1) The ALJ improperly disregarded Plaintiff's allegations regarding symptoms and limitations related to her fibromyalgia. (ECF No. 9). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 10).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on September 30, 2023. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of June 1, 2022, her amended alleged onset date of disability, through September 30, 2023, the last date she was in insured status under Title

II of the Act. To qualify for DIB, Plaintiff must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. With respect to Plaintiff's RFC, the ALJ considered the medical assessments of treating, examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. The ALJ also took Plaintiff's obesity into account when determining her RFC. *Heino v. Astrue*, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL

4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 19th day of February 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE